IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:15-cr-422-SRW |
| | ) | |
| SIM JAVARIS MELTON | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant's trial brief (Doc. 17), filed on January 13, 2016. The case is set for a bench trial on January 15, 2015. (Doc. 11). Although defendant does not so characterize it, his trial brief amounts to a motion to suppress and will be treated as such.

A motion to suppress is a "'request that the court prohibit the introduction of illegally obtained evidence in a criminal trial.'" U.S. v. Perez-Gomez, 2014 WL 6687586, *4 n.2 (M. D. Ala. 2014)(citing *Black's Law Dictionary* (9th Ed. 2009)). Defendant argues in his trial brief, *inter alia*, that evidence of the breath test administered to the defendant, as well as evidence of the field sobriety tests or any other tests to used to establish probable cause to arrest defendant, are due to be excluded on the basis that the tests were performed subsequent to his being taken into custody and without his first being advised of his Miranda[1] rights. (Doc. 17 at pp. 3-7). Defendant also appears to argue that the breath test was an unlawful search in the context of the Fourth Amendment, and that the results from the same should be

---

[1] Miranda v. Arizona, 384 U.S. 436, 444 (1966).

excluded on this ground as well. (Doc. 17 at p. 7).[2] Therefore, the court construes defendant's trial brief as a motion to suppress. The motion is due to be denied for the reasons set forth below.

### I. The motion to suppress is untimely.

As an initial matter, defendant's motion to suppress is untimely. This court's order on arraignment (Doc. 11) clearly states that absent leave of court, "all pre-trial motions under Fed. R. Crim. P. 12(b) and (d), 14 and 16" are to be filed by "December 31, 2015." (Id. at p. 1). Fed. R. Crim. P 12(b) enumerates certain pre-trial motions that must be made before trial, including motions for suppression of evidence. See Fed. R. Crim. P. 12(b)(C). Defendant filed his motion on January 13, 2016 – a mere two days before trial. Moreover, he neither sought, nor was he granted, leave to file the motion to suppress. The motion is due to be denied on this ground alone.

### II. The motion suppress also fails on the merits.

Notwithstanding the untimeliness of the motion, dismissal is also warranted on the merits. The gravaman of defendant's motion is that he was taken into custody and ordered to submit to a battery of sobriety tests – all without having been advised of his Miranda rights. Defendant contends that results of the field sobriety and breath analysis tests amount

---

[2] Defendant avers: "A breath test is a search for evidence ... and the Fourth Amendment requirement of probable cause remains. Where the purported probable cause is a product of an illegal interrogation, then such breath test is presumptively invalid and is likewise due to be excluded from evidence." (Doc. 17 at p. 7).

to "incriminating responses,"[3] and because they were elicited from defendant after he was taken into custody and without any recitation of his Miranda rights, they are due to be excluded as illegally obtained. Defendant also appears to make a second argument – that the breath test constituted a search, and because the officers determined there was probable cause to conduct this search based on the results of an illegal field sobriety test, the breath test should likewise be excluded.

As to the principal argument, the government does not dispute that defendant was taken into custody prior to the administration of the subject tests, or that he was not advised of his Miranda rights prior to the tests,[4] but maintains that evidence of sobriety tests is nonetheless admissible. Citing Pennsylvania v. Muniz, 496 U.S. 582 (1990), the government argues that while incriminating testimonial statements elicited during the course of sobriety tests and prior to the advisement of Miranda rights are not admissible as evidence, evidence of the test results themselves is admissible. (Doc. 18 at p. 3). The government contends that defendant's performances of the sobriety tests were neither testimonial nor communicative in nature and, therefore, do not amount to statements subject to exclusion on Miranda grounds. The court agrees.

---

[3] See Doc. 17 at pp. 6-7.

[4] The government does not address defendant's arguments that he was taken into custody prior to the administration of the sobriety tests. The court does not reach this issue because, whether or not defendant was in custody, his test results are not subject to exclusion for the reasons discussed *infra*. For the same reason, the undersigned does not reach the question of whether the tests constituted interrogation for purposes of Miranda. See Doc. 17 at 5, 7.

Defendant's suggestion that Miranda warnings must precede a request to perform a field sobriety test or a breath analysis test when the suspect is in custody is without merit. A sister district court addressed this very argument in U.S. v. Knight, 2012 WL 1898952, *2 (S.D. Ga. 2012).  In Knight, the district court rejected defendant's argument that his custody status required that he be advised of his Miranda rights before undergoing a sobriety test. Relying on precedent also binding on this court, the Knight court held that "the prohibition against self-incrimination applies only when the evidence is testimonial and field sobriety tests are not testimonial in nature." Knight at *2 (internal quotations omitted)(citing Pennsylvania v. Muniz, 496 U.S. 582, 602-05, 110 S. Ct. 2638, 110 L.Ed.2d 528 (1990)).

Similarly, this court is also not persuaded that defendant's performance of the sobriety tests amounted to his giving incriminating statements, thus requiring prior Miranda warnings. In Muniz, the United States Supreme Court held that Miranda warnings are not required prior to field sobriety tests that elicit only physical evidence (such as a motorist's slurred speech, imbalance, or abnormal eye movement), as the Fifth Amendment privilege against self-incrimination is implicated only when a suspect is compelled to produce evidence of a testimonial or communicative nature. Id. at 582. Because defendant seeks to exclude evidence of the field sobriety and breath analysis tests, which the Supreme Court has held are not testimonial and thus, do not constitute "incriminating statements," the motion to suppress is also due to be denied.

The government does not address defendant's second argument – that the breath test

constituted a search, and the officers' determination of probable cause to proceed with the search was based on the results of an illegal field sobriety test – but, it is likewise without merit. Defendant's argument rests on a false premise – that the field sobriety test was illegal because defendant was not first advised of his <u>Miranda</u> rights. As discussed above, the subject tests do not fall within the ambit of <u>Miranda</u>; therefore, there is no basis on which to conclude, based on defendant's arguments, that officers were without probable cause to conduct the breath analysis test, or that the Alabama implied consent statute does not apply. <u>See</u> <u>Code of Alabama</u>, Section 32-5-192 (1975).

### III.   Conclusion

Accordingly, for the foregoing reasons, it is

ORDERED that (1) defendant's trial brief is construed as a motion to suppress evidence, and (2) the motion to suppress evidence is hereby DENIED.

Done, this 14th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE